**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115919

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Anthony Cinelli, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Capital Resource Management, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Anthony Cinelli, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital Resource Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Anthony Cinelli is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Capital Resource Management, Inc., is a New York Corporation with a principal place of business in Nassau County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 12, 2018. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letters direct Plaintiff to Defendant's website, www.crmcollect.com, to pay the debt.

18. The website is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. Defendant's website contains a payment portal at https.crmcollect.com/payment-portal.

20. The payment portal is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. In order to pay the debt by credit card through the payment portal, Plaintiff is required to agree to certain terms and conditions.

22. One of the terms and conditions is the imposition of a $10.00 processing fee for

2

disputed payments.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692f

23. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

24. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any fee or charge incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

25. The $10.00 processing fee is not expressly authorized by the agreement creating the debt.

26. The $10.00 processing fee is not otherwise permitted by law.

27. Defendant's attempt to collect a $10.00 processing fee is a violation of 15 U.S.C. § 1692f(1).

## SECOND COUNT
### Violations of 15 U.S.C. § 1692e

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

30. Defendant's threat to collect a $10.00 processing fee is a false representation of the character, amount, or legal status of any debt.

31. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

32. Defendant's threat to collect a $10.00 processing fee is a false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

33. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

34. Defendant's threat to collect a $10.00 processing fee is a threat to take action that cannot legally be taken or that is not intended to be taken.

35. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

means to collect or attempt to collect any debt.

36. Defendant's threat to collect a $10.00 processing fee is a false representation or deceptive means to collect or attempt to collect any debt.

37. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(5) and 1692e(10).

## CLASS ALLEGATIONS

38. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a $10.00 processing fee, from one year before the date of this Complaint to the pres.

39. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

40. Defendant regularly engages in debt collection.

41. The Class consists of more than 35 persons from whom Defendant attempted to collect a $10.00 processing fee.

42. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

43. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

44. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

45. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: October 30, 2018

                                        **BARSHAY SANDERS, PLLC**

                                        By: _/s/ *Craig B. Sanders*_____
                                        Craig B. Sanders, Esq.
                                        100 Garden City Plaza, Suite 500
                                        Garden City, New York 11530
                                        Tel: (516) 203-7600
                                        Fax: (516) 706-5055
                                        csanders@barshaysanders.com
                                        *Attorneys for Plaintiff*
                                        Our File No.: 115919