UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANTHONY CINELLI, individually and on behalf  :
of all others similarly sitauted,  :
 :
                               Plaintiff,  :    **MEMORANDUM & ORDER**
        -against-  :    18-cv-06128 (DLI) (RML)
 :
CAPITAL RESOURCE MANAGEMENT, INC.  :
 :
                             Defendant.  :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Anthony Cinelli ("Plaintiff"), brings this putative class action against Defendant Capital Resource Management, Inc. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant moved for an order granting judgment on the pleadings or, alternatively, summary judgment and for attorney's fees. Dkt. Entry No. 20. Plaintiff opposed. Dkt. Entry No. 25. Defendant replied. Dkt. Entry No. 27. For the reasons set forth below, Defendant's motion is treated as one for judgment on the pleadings, which is denied in its entirety as is the request for attorney's fees.

## BACKGROUND

      Unless otherwise noted, the following facts are drawn from the Complaint, and are presumed true for purposes of this decision. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA. Complaint ("Compl."), Dkt. Entry No. 1 ¶¶ 5-6. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA. Compl. ¶¶ 7-9. On July 12, 2018, Defendant sent a debt collection letter to Plaintiff (the "Letter"). *Id.* ¶ 14. The Letter, which included a payment stub that could be used to remit payment to Defendant, stated "[f]or additional payment options, visit us at www.crmcollect.com" (the "Payment Portal"). Debt Collection Letter, Compl. Ex. 1. In

order to use the Payment Portal to pay the debt by credit card, Plaintiff was required to agree to certain terms and conditions, including, "If I do dispute or chargeback this payment then I will be responsible for the actual fees, costs and penalties associated with my dispute or chargeback of this payment plus a $10.00 processing fee" (the "Processing Fee").  *See*, Affidavit of Laura J. Lowenstein dated April 1, 2019, Dkt. Entry No. 21 Ex. 6 ("Lowenstein Affidavit") ¶ 4.[1]

Plaintiff alleges that the Processing Fee violates § 1692f of the FDCPA because the Processing Fee is not authorized by the agreement creating the debt or otherwise permitted by law. Compl. ¶¶ 23-27.  Plaintiff further alleges that the Processing Fee violates § 1692e of the FDCPA because it is:  (1) a false representation of the character, amount, or legal status of the debt; (2) a false representation of any services rendered or compensation that lawfully may be received by any debt collector for the collection of a debt; (3) a threat to take action that cannot be taken legally or that is not intended to be taken; and (4) a false representation or deceptive means to collect or attempt to collect any debt. *Id.* ¶ ¶ 30, 32, 34, 36.

## LEGAL STANDARD

As an initial matter, the Court must determine whether to treat the instant motion as one for judgment on the pleadings or for summary judgment.  "Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(c) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment." *Stephens v. Bayview Nursing & Rehab. Ctr.*, 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008) (internal citations omitted); *Carione v. United States*, 368 F. Supp.2d 186, 191 (E.D.N.Y. 2005) (same).  As discovery has not occurred yet in

---

[1] The Court relies on the Lowenstein Affidavit only insofar as it includes an excerpt from the Payment Portal, a document integral to the Complaint.

this matter, the Court declines to consider material beyond the pleadings and convert Defendant's motion to one for summary judgment.

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). In deciding a Rule 12(c) motion, "a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013). "A matter is deemed integral to the complaint when the complaint relies heavily upon its terms and effect." *Palin v. New York Times Co.*, 940 F.3d 804, 811 (2d Cir. 2019) (quotation marks and citation omitted). "Typically, an integral matter is a contract, agreement, or other document essential to the litigation." *Id.* (citation omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To withstand such a motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The Court assumes the truth of the facts alleged and draws all reasonable inferences in the nonmovant's favor. *See*, *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

The FDCPA was enacted to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382 at 1696 (1977). "[B]ecause the FDCPA is primarily a consumer protection statute, we must construe its terms in liberal fashion to achieve the underlying Congressional purpose." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (internal citations and quotation marks omitted).

"In order to successfully state a claim under the FDCPA, (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Morgan v. Northstar Location Servs. LLC*, 2019 WL 3531461, at *3 (E.D.N.Y. Aug. 1, 2019) (citations omitted). Plaintiff plausibly has alleged that he is a "consumer," and Defendant is a "debt collector" within the meaning of the FDCPA, neither of which Defendant disputes. *See*, Compl. ¶¶ 5-9. Accordingly, the issue before the Court is whether Plaintiff plausibly has alleged that Defendant engaged in conduct violative of the FDCPA.

### A. Section 1692f(1)

Section 1629f of the FDCPA provides, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1629f. Section 1629f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement

4

creating the debt or permitted by law." Under the FDCPA, a debt collector "may impose a service charge if (i) the customer expressly agrees to the charge in the contract creating the debt or (ii) the charge is permitted by law." *Tuttle v. Equifax Check*, 190 F.3d 9, 13 (2d Cir. 1999) (citing 15 U.S.C. § 1692f(1).

Courts in this district have permitted § 1692f claims to go forward when a debt collector collects or attempts to collect processing or transaction fees that are not authorized by the agreement creating the debt or permitted by law. *See*, *Campbell v. MBI Associates, Inc.,* 98 F. Supp.3d 568, 582-83 (E.D.N.Y. 2015) (granting plaintiff's summary judgment motion on a § 1692f claim where collection letter stated, "[t]here will be a $5.00 processing fee for all credit cards."); *Quinteros v. MBI Associates, Inc.,* 999 F. Supp.2d 434, 439 (E.D.N.Y. 2014) (finding that plaintiff stated a § 1692f(1) claim where collection letter stated, "[t]here will be a $5.00 processing fee for all credit cards or checks over the phone."); *Shami v. Nat'l Enter. Sys.*, 2010 WL 3824151, at *1 (E.D.N.Y. Sept. 23, 2010) ("*Shami I*") (denying motion to dismiss a § 1692f(1) claim where the collection letter stated, "[t]ransaction fees will be charged if you use the automated phone system or the internet to make payment on this account.").

Defendant advances two arguments as to why the Processing Fee does not violate § 1692f(1) of the FDCPA. First, Defendant argues that the language in the Payment Portal constituted a "new agreement" between Plaintiff and Defendant wherein Plaintiff agreed to pay a $10.00 fee only where Plaintiff: (i) made a payment by credit card via the Payment Portal; and (ii) subsequently sought to dispute or chargeback the payment. Def.'s Mem. of Law, Dkt. No. 23 at 5-7. Second, Defendant contends that the Complaint fails to allege that: (i) Plaintiff paid the debt through the Payment Portal; (ii) Plaintiff subsequently disputed or sought to chargeback the payment; or (iii) Defendant sought to collect the $10.00 fee from Plaintiff. *Id.*

5

Defendant's contention that the Processing Fee does not violate the FDCPA because the Payment Portal constituted a "new agreement" between Plaintiff and Defendant is unavailing. Section 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). By maintaining that the Processing Fee is part of a "new agreement" between Plaintiff and Defendant, Defendant effectively concedes that the Processing Fee is not authorized by the agreement creating the debt. Moreover, Defendant does not contend that the Processing Fee is permitted by law. That the Processing Fee would only be collected under certain conditions, *i.e.*, where Plaintiff: (i) made a payment by credit card via the Payment Portal; and (ii) subsequently sought to dispute or chargeback the payment, does not preclude the application of § 1692f. *See*, *Tuttle*, 190 F.3d at 11 (affirming judgment that debt collector violated § 1692f(1) where a $20 service charge was applied *only if*: (i) debtor paid by check; and (ii) the check was returned).

Defendant further argues that Plaintiff fails to allege that: (i) Plaintiff paid the debt through the Payment Portal; (ii) Plaintiff subsequently disputed or sought to chargeback the payment; or (iii) Defendant sought to collect the $10.00 fee from Plaintiff. As an initial matter, § 1692f provides that "[a] debt collector may not use unfair or unconscionable means *to collect or attempt to collect* any debt." 15 U.S.C. § 1692f (emphasis added). Accordingly, Plaintiff is not required to allege that he paid the debt through the Payment Portal, or that he subsequently disputed or sought to chargeback the payment. *See*, *Shami v. Nat'l Enter. Sys.*, 914 F. Supp.2d 353, 357 (E.D.N.Y. 2012) ("*Shami II*") ("Courts in this circuit and others have continued to resolve cases involving § 1692f(1) where no actual collection appears to have taken place, instead focusing on the communication seeking payment itself." (collecting cases)).

Moreover, the Court concludes that, by sending the Letter, Defendant sought to collect the Processing Fee from Defendant. *Schwartz v. I.C. System, Inc.*, 2018 WL 1582224 (E.D.N.Y. Mar. 30, 2018), is instructive. In *Schwartz*, this Court found that:

> "Explicit reference to a processing fee in a collection letter is not necessary to show that a defendant has attempted to collect a debt. If a collection letter directs a debtor to a website which charges a processing fee, then the fact that the collection letter itself did not disclose the fee is not dispositive of whether the defendant attempted to collect an impermissible fee under § 1692f(1). This analysis is consistent with the FDCPA, which defines 'communications' as the conveying of information regarding a debt directly or indirectly."

2018 WL 1582224, at *2 (citations omitted). Here, the Letter directs Plaintiff to the Payment Portal, a website that charges the Processing Fee. *See*, 2018 WL 1582224, at *2.

The cases cited by Defendant are inapposite. In *Datiz v. Int'l Recovery Associates, Inc.*, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016), the court dismissed a § 1692f(1) claim against a defendant who sent a collection letter to plaintiff because, even though the defendant maintained a website that charged consumers a $3.00 processing fee, the collection letter "[made] no mention of a processing fee, *nor does it refer the Plaintiff to the Defendant's website*." 2016 WL 4148330, at *5 (emphasis added). Here, by contrast, the Letter refers Plaintiff to the Payment Portal. *See*, Lowenstein Affidavit ¶ 4.

In *Bank v. Cooper, Paroff, Cooper & Cook*, 356 F. App'x 509 (2d Cir. 2009) (summary order), an unpublished decision, the Second Circuit held that inclusion of a bad check fee that was $10 in excess of the authorized amount in a demand notice did not violate § 1692f(1) because "defendants never actually collected a bad check fee." *Bank*, 356 F. App'x at 511. However, as noted in *Shami II*, 914 F. Supp.2d 353 (E.D.N.Y. 2012), the Second Circuit in *Bank* went on to consider "whether[the bad check fee] was an unconscionable means to attempt to collect a debt,

7

under the general provision of [§ 1692f]." *Shami II*, 914 F. Supp.2d at 357 n.2. *Shami II* explained:

> "The fact that subsection (1) of § 1692f does not specify that it includes both collections of and *attempts* to collect unauthorized incidental fees does not limit the general provision of the statute that includes attempts to collect. Courts in this circuit and others have continued to resolve cases involving § 1692f(1) where no actual collection appears to have taken place, instead focusing on the communication seeking payment itself."

*Id.* (emphasis in original) (collecting cases). *Shami II*'s focus on the communication seeking payment is in accord with the liberal construction of the FDPCA required to achieve Congress' underlying purpose of consumer protection. In any event, *Bank* did not involve a determination at the pleadings stage.

Finally, in *Daneshrad v. Cohen & Slamowitz, LLP*, 2009 WL 637888 (E.D.N.Y. Mar. 9, 2009) and *Riding v. Cach LLC*, 992 F. Supp.2d 987 (C.D. Cal. 2014), an out-of-circuit decision, Plaintiff did not specifically identify the amount that the debt collector attempted to collect impermissibly. *See*, *Daneshared*, 2009 WL 637999, at *5; *Riding*, 992 F. Supp.2d at 991. Here, Plaintiff has identified the Processing Fee as an expense incidental to the principal obligation that Defendant improperly sought to collect. Accordingly, the Court finds that, because the Processing Fee neither is expressly authorized by the agreement creating the debt nor permitted by law, Plaintiff plausibly has alleged that the Processing Fee violates § 1692f(1).

**B. Section 1692e**

Section 1692e of the FDCPA prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The provision provides a non-exhaustive list of examples of conduct that violate the FDCPA, including '[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt

8

collector for the collection of a debt.'" *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp.2d 434, 439 (E.D.N.Y. 2014) (quoting 15 U.S.C. § 1692e(2)). In determining whether a debt collector has violated this section, courts use an objective test based on the "least sophisticated consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2008). This standard "ensure[s] that the statute protects the gullible as well as the shrewd," but "carefully preserve[s] the concept of reasonableness," and "protects debt collectors from unreasonable constructions of their communications." *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318-20 (2d Cir. 1993)). Thus, it "does not extend to every bizarre or idiosyncratic interpretation of a collection notice." *Clomon*, 988 F.2d at 1319. Under this standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

Where a plaintiff plausibly has alleged that a fee or charge is impermissible under § 1692f(1) of the FDCPA, that plaintiff also plausibly has alleged a claim under § 1692e, as the communication has implied that the debt collector legally is permitted to collect the improper fee or charge. *See*, *e.g.*, *Quinteros*, 999 F. Supp.2d at 439-40 (E.D.N.Y. 2014) ("[I]f collection of a payment processing fee is unlawful under § 1692f(1), then the Processing Fee Statement also is 'false, deceptive, or misleading' under § 1692e(2), insofar as the statement implies the fee may be lawfully received."); *Shami I,* 2010 WL 3824151, at *4 ("Because the Court has concluded that Plaintiff has stated a claim under § 1692f(1) of the FDCPA, Plaintiff has also stated a claim under § 1692e(2)."). Perhaps recognizing that conduct in violation of § 1692f also violates § 1692e, Defendant's Memorandum of Law does not address Plaintiff's § 1692e claims separately. *See*,

9

Def.'s Mem. of Law § I, "DEFENDANT DID NOT VIOLATE THE FDCPA." Accordingly, Plaintiff plausibly has alleged a violation of § 1692e.

### C. Section 1692k

Section 1692k(a)(3) of the FDCPA provides that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "[T]o establish a plaintiff's bad faith or improper purpose, the defendant must show that the plaintiff's 'entire lawsuit was brought in bad faith and to harass [the] defendant.'" *Jenkins v. AmeriCredit Fin. Servs., Inc.*, 2017 WL 1325369, at *9 (E.D.N.Y. Feb. 14, 2017) (quoting *Clayson v. Rubin & Rothman, LLC*, 751 F. Supp.2d 491, 497 (W.D.N.Y. 2010)).

Defendant asserts that it is entitled to an award of attorney's fees and costs under § 1692k(a)(3) of the FDCPA because: (1) Plaintiff's claims are "without merit in law;" (2) Plaintiff's counsel "ignored" emails and letters from Defendant's counsel regarding this action; and (3) Plaintiff's counsel commenced a subsequent lawsuit "asserting claims identical to those alleged in the case at bar." *See*, Def.'s Mem. of Law at 11-13. Defendant's claims are meritless.

As an initial matter, Defendant's motion for judgment on the pleadings is denied as Plaintiff's claims are not without merit in law. Moreover, the purportedly improper actions allegedly taken by Plaintiff's counsel fall outside the scope of § 1692k(a)(3). *See, e.g.*, *Eisner v. Enhanced Recovery Co., LLC*, 407 F. Supp.3d 132, 138 (E.D.N.Y. 2019) ("§ 1692k(a)(3) runs only against a party, not his counsel."); *Puglisi v. Debt Recovery Sols., LLC*, 822 F. Supp.2d 218, 233 (E.D.N.Y. 2011) ("Defendant must provide evidence of plaintiff's bad faith (as opposed to counsel's bad faith).") Accordingly, Defendant's motion for attorney's fees and costs pursuant to Section 1692k(a)(3) is denied.

10

## **CONCLUSION**

For the reasons set forth above, Defendant's motion for judgment on the pleadings and for attorney's fees is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2020

                                                               /s/
                                            DORA L. IRIZARRY
                                            U.S. District Judge